IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AZAMAT JABBOROV,
                 *Petitioner*,

     v.

JEFFREY CRAWFORD, *et al.*,
                 *Respondents*.

1:26-cv-00564-MSN-WBP

ORDER

Azamat Jabborov ("Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his continued detention without bond violates his right to due process.[1]

Petitioner is currently detained at the Farmville Detention Center in Farmville, Virginia. ECF 1 ¶ 2. He has sued Robert Guadian, the Field Office Director of ICE's Washington Field Office; Todd M. Lyons, ICE's Acting Director; and the DHS Secretary[2] (collectively "Federal Respondents"). *Id.* at 1. He has also sued Jeffrey Crawford, the warden of the Farmville Detention Center. *Id.*

In response to the Court's Order of February 26, 2026 (ECF 2), Federal Respondents filed a brief in opposition to the Petition. ECF 6. For the reasons that follow, the Court will grant the Petition.

---

[1] The Petition does not bring formal counts but includes arguments under the Due Process Clause of the Fifth Amendment. *See* ECF 1 at 7-15.

[2] The Petition names Kristi Noem as the DHS Secretary who served in that position at the time the Petition was filed.

## I.    BACKGROUND

Petitioner is a citizen of Uzbekistan. ECF 1 ¶ 16. He entered the United States without inspection in 2023 and has resided here since that time. *Id*. ¶ 16; *see also* ECF 1-7 at 2 (Petitioner was encountered near San Diego, California, after entering without inspection). On December 4, 2023, he filed an application for asylum that is currently pending. ECF 1 ¶ 16. On January 7, 2026, immigration authorities took Petitioner into ICE custody while he was working as a delivery driver. *Id.* at ¶ 19. ICE transferred Petitioner to the Farmville Detention Center where he has remained detained since. *Id.* at ¶ 2. On January 21, 2026, Petitioner appeared before an Immigration Judge ("IJ") for a custody redetermination hearing. *Id.* at ¶ 22. The IJ did not reach the merits of Petitioner's bond request, and the written order states that the outcome of the hearing was "Other: Oral motion to withdraw bond"). *Id.* Petitioner asks this Court for an order requiring an IJ to grant him a bond hearing under 8 U.S.C. § 1226(a).

## II.    ANALYSIS

The central question posed by the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. *See* ECF 7 at 4-12. The Federal Respondents recognize that "[i]n recent weeks" similar petitioners "have been largely successful in arguing that they are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." ECF 6 at 2. Nevertheless, Federal Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as a noncitizen "present in the U.S. who has not been admitted." *Id.*

The Court concludes that this case is factually indistinguishable from its decision in *Servellon Martinez*, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025), and thus adopts and incorporates its reasoning in *Servellon Martinez* into this Order. At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. ECF 6 at 8-17. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that

---

[3] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

reasoning into this Order.[4] *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for roughly three years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates his right to due process.[5]

**III.   CONCLUSION**

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that to the extent that Petitioner seeks release from detention, Petitioner file a motion requesting a bond hearing or custody redetermination as soon as practicable; and that

---

[4]     The Court further notes that, "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here." *Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025). Although the Court is aware of the Fifth Circuit's decision reaching a contrary conclusion in *Buenrostro-Mendez v. Bondi*, Nos. 25-20496 & 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026), that decision is not binding here, *CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020). Moreover, the Court is unpersuaded by the Fifth Circuit majority's reasoning for many of the reasons cogently set forth in Judge Douglas's dissent, which explains that the majority's interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent. *See Buenrostro-Mendez*, 2026 WL 323330, at *10–18.

[5]     The Court recognizes that Petitioner previously received a bond hearing before an IJ. However, because the outcome of that hearing is somewhat unclear, the Court will order Federal Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).

Federal Respondents provide Petitioner with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of that motion; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/<br>
Michael S. Nachmanoff<br>
United States District Judge

March 10, 2026
Alexandria, Virginia

5